# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
LATOYA MONROE                              :
:
       Plaintiff                   :
:   CIVIL ACTION NO. 10-0047
  vs.                                    :
:
EASTON AREA SCHOOL DISTRICT                :
:
       Defendant                   :
_____ :

**HENRY S. PERKIN**                                                           **March 3, 2010**
**United States Magistrate Judge**

## MEMORANDUM

This matter is before the Court on Defendant's Motion in Limine to Preclude Report and Testimony of Andrew C. Verzilli, M.B.A. filed February 1, 2011.[1] Plaintiff's Response in Opposition to Defendant's Motion in Limine to Preclude [The] Report and Testimony of Andrew C. Verzilli, M.B.A. was filed on February 15, 2011.[2] Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

**I.    BACKGROUND**

On January 6, 2010, Plaintiff, LaToya Monroe ("Monroe"), commenced this action by filing a Complaint against the Easton Area School District ("EASD"). See Complaint at Docket No. 1. The Complaint asserts allegations of racial discrimination and retaliation.[3]

---

    [1]    Defendant's Brief in Support of its Motion in Limine to Preclude Report and Testimony of Andrew C. Verzilli, M.B.A. was filed simultaneously with its motion.

    [2]    On the same day she filed her Response, Plaintiff filed a brief in support thereof.

    [3]    The Complaint is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended; and Section 5(e) of the 1955 Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 955(e).

More specifically, the Complaint alleges that shortly after Monroe was hired as EASD's Director of Human Resources in September 2007, she discovered a pervasive pattern of race discrimination in EASD's hiring and employment practices. See Complaint at ¶ 2. Monroe advocated for an end to those practices by addressing the Easton Area School Board and by providing testimony that supported an African-American employee who had sued EASD for its discriminatory conduct. Id. On May 28, 2008, Monroe was terminated, despite having received a favorable performance evaluation just two weeks prior by the Acting Superintendent of EASD. See Complaint at ¶ 3. The Complaint alleges that Monroe was replaced by a white male, thereby leaving no African-Americans within the administrative ranks of EASD. Id. Monroe asserts that her termination by EASD was an act of race discrimination and retaliation for her persistent advocacy against racial discrimination. Id.

Monroe has indicated that she plans to offer the report and testimony of her economic loss expert, Andrew C. Verzilli, M.B.A. ("Verzilli") at the jury trial of this matter. Verzilli's report offers his opinions relative to Monroe's prior earnings, i.e. back pay, and her future earnings, i.e. front pay. In the report, Verzilli calculated Monroe's back pay from September 2008 through December 2010, and estimated a loss totaling $250,000. In addition, utilizing a front pay time period of 27.91 years (age at time of report until retirement age of 60), Verzilli opined that Monroe's potential front pay amount totals $1,685,000.

EASD moves to preclude the report and testimony of Verzilli by asserting that the report is not based on sufficient facts or data and that the risk of unfair prejudice to EASD which would arise from the presentation of any testimony or the report substantially outweighs any probative value. More specifically, EASD contends that the time period devised by Verzilli

(27.91 years) for which front pay should be awarded, is too speculative to provide relevant and reliable information to the trier of fact. In response, Monroe asserts that courts, when faced with similar challenges to preclude Verzilli's economic loss reports and testimony, have consistently allowed into evidence the report and testimony of Verzilli. For the following reasons, we agree with Monroe, and deny EASD's motion to preclude Verzilli's report and testimony.

## II. DISCUSSION

> As summarized by my colleague, the Honorable Jacob P. Hart,
>
>> The admissibility of an expert opinion is governed by Federal Rule of Evidence 702 and the Supreme Court's decision in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Federal Rule of Evidence 702 states:
>>
>>> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.
>>
>> F.R.E. 702. In <u>Daubert</u>, the Supreme Court entrusted gate-keeping responsibility to the trial court to prevent the introduction of purported expert testimony reached without proper scientific foundation. <u>In re Paoli R.R. Yard PCB Litig.</u>, 35 F.3d 717, 743 (3d Cir. 1994); <u>Elcock v. Kmart Corp.</u>, 233 F.3d 734, 744 (3d Cir. 2000) (citing <u>Kumho Tire v. Carmichael</u>, 526 U.S. 137, 141, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999)).

<u>Eck v. Yellow Transportation, Inc.</u>, No. 05-6716, 2006 U.S. Dist. LEXIS 80993, at *2 (E.D. Pa. Oct. 16, 2006) (Hart, M.J.).

In its motion, EASD asserts that the time period devised by Verzilli in his report for which front pay should be awarded, i.e. 27.91 years, is too speculative to provide relevant and reliable information to the trier of fact. This Court disagrees. Initially, we note that the Verzilli

3

report does contain a sufficient explanation for the election of Monroe's retirement age. The report states that

> Th[e] assumption of retirement is reasonable given 1) the fact that there is no mandatory ertirement age in the United States, and 2) recent trends in the labor market that "Because of the growing number of healthy people aged 65 and older, the number of people in the labor force from this age group is expected to increase more than 10 times as fast as the total labor force." (Occupational Outlook Quarterly).

Moreover, we note that courts in this Circuit have consistently held that the amount of front pay, if any, to be awarded a plaintiff should be decided at trial. See Donlin v. Philips Lighting North America Corp., 581 F.3d 73 (3d Cir. 2009); Hill v. City of Scranton, No. 01-744, 2006 U.S. Dist. LEXIS 8947, at *2 (M.D. Pa. March 7, 2006) (denying defendant's motion in limine and allowing plaintiff to present his own front pay calculations at trial to a jury); Troendle v. Yellow Freight, Inc., No. 97-2430, 1999 U.S. Dist. LEXIS 11406 (E.D. Pa. July 20, 1999) (Kauffman, J.) (denying defendant motion in limine to preclude a Verzilli report finding that defendant's argument went to the weight of the report and not its admissibility).

Further, despite EASD's arguments to the contrary, the Third Circuit in Donlin did not set forth any bright line rule regarding the appropriate length of time in which to calculate a plaintiff's right to front pay. In that case, the Third Circuit noted:

> [T]here will often be uncertainty concerning how long the front-pay period should be, and the evidence adduced at trial will rarely point to a single, certain number of weeks, months, or years. More likely, the evidence will support a range of reasonable front-pay periods. Within that range, the district court should decide which award is most appropriate to make the claimant whole.
>
> . . .

> We have not yet spoken precedentially regarding the precise length
> of time that is appropriate for an award of front pay. Indeed, in one
> case, a front pay award of X years may be appropriate, while on
> different facts, a front-pay award for that same term of years would
> be inappropriate. These decisions are left to the sound discretion
> of the district court and every case must be considered on its
> particular facts.

Donlin, 581 F.3d at 87-88 (citations omitted) (also noting that other courts of appeals have affirmed front-pay awards of 10 years or more).

Finally, EASD's argument of prejudicial effect is of little import. The issues of back and front pay are equitable remedies to be determined by the court and a jury's role in this regard is merely advisory. Pollard v. E. I. du Pont de Nemours & Co., 532 U.S. 843, 849-850 (2001); Donlin, 581 F.3d at 88 n.11; Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 315 (3d Cir. 2006).

In summary, EASD's arguments regarding Verzilli's report go to weight and not admissibility; EASD has not shown that Verzilli's methodology was insufficiently scientific or that his report will be of no assistance at trial. See Eck, 2006 U.S. Dist. LEXIS 80993, at *2; Troendle, 1999 U.S. Dist. LEXIS 11406. Accordingly, we deny EASD's motion to preclude the report and testimony of Verzilli.

An Order consistent with this Memorandum follows.